Filed 9/8/25  P. v. Chaney CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B342939 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. YA108201 |
| v. | |
| SEAN PAUL CHANEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector M. Guzman, Judge. Affirmed.

Asya Ovsepyan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Appellant Sean Paul Chaney appeals from a judgment of conviction for one count of felony vandalism with the amount of damage exceeding $400.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Chaney's appellate counsel requested that we review the record and determine whether any arguable issues exist. We have reviewed the entire record and find no arguable issues. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.     Facts

Chaney lived in unit 17 at the Windsor Apartments at 1150 Tennyson Street in Manhattan Beach, California. On April 2, 2023, at about 10:00 p.m., a neighbor named Kellie Mieras heard loud banging and crashing noises coming from the unit occupied by Chaney. The noises continued for a few minutes, stopped, then resumed for about 10 to 15 minutes. Mieras went to her balcony and saw Chaney's girlfriend, Josephine St. John (also known as Jo), by a car on the street. She saw Chaney on the grass, talking to Richard Phillippi, another resident of the Windsor Apartments. Mieras went back inside her unit and later went to her balcony a second time when she heard running water. At 10:15 p.m., she sent several text messages to Alison Wattles, the owner of the Windsor Apartments. Mieras never saw Chaney enter or exit or inside unit 17.

Another resident named Frank Saverino received a group text that stated there was a lot of commotion. Saverino looked over the railing outside of his apartment and saw Chaney walking down the stairs toward the back of the building. A few minutes later, Saverino saw Chaney at the end of the driveway.

2

Phillippi was inside unit 19 when he heard a ruckus. He looked out his patio door and saw a black Jeep with the lights on and all doors open. He heard a man and woman screaming at each other. He believed they were Chaney and St. John. Phillippi called the police. At some point, Phillippi spoke with Chaney outside.

At about 10:17 p.m., Manuel Acuna, a police officer for the city of Manhattan Beach responded to a call regarding a disturbance at 1150 Tennyson Street. When he arrived, he spoke with Chaney. He also spoke with St. John and determined that no crime had occurred. Acuna instructed Chaney to separate from St. John to avoid additional calls. St. John drove away.

Wattles arrived and told Acuna that she was informed that Chaney was breaking things inside the unit from which he was evicted. At 10:40 p.m., Acuna went inside unit 17 and saw damage to the walls and front door, flooding in the kitchen, and broken pipes under the kitchen sink. He saw the balcony door open. The closet door was damaged on the bottom left corner.

John Rezendez worked for Wattles doing maintenance at the Windsor Apartments. He went to the complex with Wattles at about 10:15 p.m. Resendez entered unit 17 through the rear balcony where the screen door was closed but the sliding glass door was open. He heard water running and went to the bathroom where he saw the faucet on. He also saw holes in the walls. Resendez heard water running in the kitchen. He saw water coming out from the sink on to the floor. The pipe connecting the two kitchen sinks was removed.

When Wattles arrived at the apartment complex on April 2, 2023, she took an officer inside unit 17. Wattles saw the pipe under the kitchen sink broken and damage to the kitchen

3

cabinet.  She saw water on the floor.  She also saw holes in an interior door, the bedroom and bathroom doors, and the bedroom wall.  The window shades were torn off the sliding glass door, which was broken.

To repair the damage sustained on April 2, Wattles had to have the doors removed, the walls patched and repainted, and the floor in the kitchen demolished.  These repairs totaled $1,850.  Additional costs for mold remediation and replacement of the floor, closet door, and kitchen plumbing were estimated to be about $19,000.

A court's minute order indicated that Chaney could be evicted from unit 17 from March 31, 2023.  According to Wattles, Chaney did not have permission to be in unit 17 on April 2, 2023.  She conducted a walk-through inspection of unit 17 on either March 31 or April 1.  Wattles noted that the unit required only small repairs.  She did not observe any of the damage that she saw on April 2.

## II.    Procedure

On October 14, 2024, a jury convicted Chaney of one count of felony vandalism with damage exceeding $400 (Pen. Code, § 594, subd. (a)).  But the jury did not find that the amount of damage exceeded $10,000.

On October 30, 2024, the trial court suspended imposition of sentence and placed Chaney on two years of formal probation.

Chaney filed a timely notice of appeal.

## DISCUSSION

### Independent Review Pursuant to *People v. Wende*

We appointed counsel to represent Chaney on appeal. Counsel filed an opening brief that includes the facts and procedural history of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d at p. 441.) Counsel advised Chaney of the right to file a supplemental brief within 30 days from the date that she filed the opening brief. Chaney did not file a supplemental brief.

We have examined the entire record. We are satisfied that no arguable issues exist, and Chaney's counsel has fully satisfied her responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

**DISPOSITION**

We affirm the judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

HANASONO, J.

We concur:

EDMON, P. J.

EGERTON, J.